# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JACKIE RAY PATRICK,     PLAINTIFF

V.     NO. 4:07CV067-M-D

"UNKNOWN" BYRD, et al.,     DEFENDANTS

## OPINION DENYING MOTION FOR TRO

This matter is before the court, *sua sponte*, for consideration on Plaintiff's motion for a temporary restraining order.

### Factual and Procedural Background

On April 26, 2007, Plaintiff, an inmate filed a 1983 *pro se* complaint challenging the conditions of his incarceration. In his complaint, Plaintiff complained about nearly every facet of prison life which he found objectionable from overcrowding to lighting to the quality of meals and even the ratio of inmates to televisions. On May 31, 2007, the Plaintiff's complaint was dismissed because he had not identified any physical injury which is necessary to recover damages. *See* 42 U.S.C. § 1997e(e). Plaintiff subsequently filed a motion for relief from judgment which was denied on June 22, 2007.

Undeterred by the court's previous rulings, Plaintiff has now filed a motion for a temporary restraining order. In his motion, Plaintiff essentially suggests that his life is in danger because he has been accused of being a "snitch" by another inmate. Plaintiff is seeking an order prohibiting officials from calling him a snitch. Although he describes himself as a "writ-writer," Plaintiff's motion is not well written and is at times incoherent but in any event lacks legal merit.

## **Preliminary Injunction**

It is well settled that a party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc*., 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). This court pays more than lip service to the axiom that a preliminary injunction is an extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249. It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

Given the illogical nature of Plaintiff's motion, it is difficult to analyze his claim within the structured elements necessary to obtain a restraining order. Nevertheless, before the court would be willing to entertain the possibility of issuing a preliminary injunction, Plaintiff would have to clearly demonstrate the he is in imminent danger of serious harm. Plaintiff's assertions are woefully lacking in this regard.

Plaintiff has not associated his concern of imminent harm with a single statement or action attributable to any prison official or another inmate. Plaintiff does not allege that he has been threatened in any manner by anyone. Rather, Plaintiff merely concludes his two page motion by stating that he feels threatened because one inmate suggested that he was a snitch. Without more, the court finds that Plaintiff has failed to demonstrate an appreciable and substantial threat of irreparable harm. *See Aguilar v. Shaw*, 68 F.3d 470 (5th Cir. 1995) (conclusory allegations fail to state a substantial threat of injury). Therefore, Plaintiff's motion for a temporary restraining order is denied.

A separate order in accordance with this opinion will be entered.

THIS the 3rd day of October, 2007.

                                                                           **/s/ Michael P. Mills**
                                                                           **CHIEF JUDGE**
                                                                           **UNITED STATES DISTRICT COURT**
                                                                           **NORTHERN DISTRICT OF MISSISSIPPI**